# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 17, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| LISA MYERS, | * | |
| | * | |
| Petitioner, | * | No. 21-1088V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Joseph Pepper,* Conway Homer, P.C., Boston, MA, for petitioner.
*Katherine C. Esposito,* U.S. Department of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On March 19, 2021, Lisa Myers ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  (Petition) (ECF No. 1).  Petitioner alleged that she suffered from an injury resulting from the administration of the influenza ("flu") vaccine she received on October 4, 2018.  *Id.*

On September 16, 2024, petitioner filed a motion for a decision dismissing the petition. Petitioner's Motion ("Pet'r. Mot.") (ECF No. 42).  Petitioner stated that after two Rule 5 Status Conferences, the Court advised petitioner to dismiss her claim.  Pet'r. Mot. at ¶ 3.  Petitioner understands that a decision dismissing her petition will result in a judgement against her.  *Id.* at ¶ 5.  Additionally, she has been advised that a judgment against her will end all her rights in the Vaccine Program with respect to this specific claim.  *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website.  This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website.  **This means the decision will be available to anyone with access to the Internet.**  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

A petitioner may prevail by proving either that (1) the vaccinee suffered an injury listed on the Vaccine Injury Table with onset beginning within a corresponding time period following receipt of a corresponding vaccine (a "Table Injury"), for which causation is presumed or that (2) the vaccinee suffered an injury that was actually caused by a vaccine.  In this case, petitioner was alleging she suffered a Table-GBS as a result of receiving the flu vaccine.

The Federal Circuit has determined that in certain instances, "if there is a dispute as to the nature of a petitioner's injury, the special master may opine on the nature of the petitioner's injury."  *Contreras v. Sec'y of Health & Hum. Servs.*, 844 F.3d 1363, 1368 (Fed. Cir. 2017), *citing Hibbard v. Sec'y of Health & Hum. Servs.*, 698 F.3d 1355 (Fed. Cir. 2012); *see also Locane v. Sec'y of Health & Hum. Servs.*, 686 F.3d 1375 (Fed. Cir. 2012); *Broekelschen v. Sec'y of Health & Hum. Servs.*, 618 F.3d 1339 (Fed. Cir. 2010)).  At times the vaccine causation "question turns on the determination of the injury."  *Broekelschen v. Sec'y of Health & Hum. Servs.,* 618 F.3d 1339, 1349 (Fed. Cir. 2010).  In *Lombardi*, the Federal Circuit explained: "The function of a special master is not to 'diagnose' vaccine-related injuries, but instead to determine 'based on the record evidence as a whole and the totality of the case, whether it has been shown by a preponderance of the evidence that a vaccine caused the petitioner's injury.'" *Lombardi*, 656 F.3d at 1343, *citing Andreu v. Sec'y of Health & Hum. Servs.*, 569 F.3d 1367, 1382 (Fed. Cir. 2009).

Even though petitioner filed medical records and expert reports to support her claim, she has been unable to demonstrate that she suffered the injury she alleged by preponderant evidence.  Accordingly, she cannot demonstrate that the vaccine was the cause of her injury.  Thus, the information in the record indicates that there is insufficient evidence presented at this time to justify an award.

In light of petitioner's motion requesting a decision dismissing his petition, a further investigation is unwarranted.  Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED.  The Clerk of the Court shall enter judgment accordingly. ³**

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

³ Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).